In the Matter of the Application of RICHARD H. HUGHES, Petitioner, for an Order of Mandamus against FRANK A. JENSS, as Mayor of the City of Niagara Falls, and Others, Together Composing the CITY COUNCIL OF THE CITY OF NIAGARA FALLS, NEW YORK, Respondents.

Supreme Court, Niagara County, July 8, 1932.

*John F. McNulty,* for the petitioner.

*George E. Carrie, Corporation Counsel,* for the respondents.

HARRIS, J. This is an application for an order of mandamus (alternative or peremptory) requiring the council of the city of Niagara Falls to call a special election so as to submit at such special election, to the voters of said city the following question: " Shall the City of Niagara Falls adopt the Simplified Form of Government defined as Plan F and consisting of ' Government by means of separate Executive and Legislative Departments consisting of councilmen elected by the district,' called Plan F, according to the provisions of Chapter 444 of the Laws of 1914, known as ' The Optional City Government Law? ' "

On June 13, 1932, a petition, signed by more than the necessary

number of voters of the city of Niagara Falls, N. Y., was filed with the city clerk of said city, asking the council to call such election. Thereafter and on the 20th day of June, 1932, the said council declined to call said election, and on account of such declination this application is made.

As the application is that the council perform a ministerial act, the petitioner is entitled to the order applied for, if there are no valid grounds on which such application may be denied. (*Matter of Trounstine* v. *Britt*, 212 N. Y. 421.) As there is no question of fact involved, if the petitioner is entitled to have his application granted, the court should grant a peremptory order.

The respondents oppose the granting of the relief for which application is made, on legal grounds, which are stated and discussed as follows:

(1) That the Optional City Government Law (Laws of 1914, chap. 444) is unconstitutional because the State has a policy forbidding the election of municipal officers and /or voting on municipal questions in an even-numbered year. This is too broad a statement of the policy of the State. By section 6 of article 12, the State Constitution forbids the election of city officers at the election at which State officers are selected, that is, in even-numbered years, and in the case of *Mills* v. *Sweeney* (219 N. Y. 213, 219) the learned Court of Appeals said that such prohibition, as a matter of policy, extends so as to forbid the submission of municipal questions at a regular election held in an even-numbered year (*i. e.*, when State officers are to be elected). However, the statute in question in no way provides for any steps of its operation to take place at a regular election in an even-numbered year. Section 18 of article 2 of such statute requires that under one set of circumstances the question as to the adoption of the proposed charter should be submitted at a " general city election," and that under another set of circumstances it should be submitted at a special election. Section 23 thereof provides that if the proposed charter be adopted, then the officers provided for thereunder should be elected at the general city election next succeeding the time of the adoption of the plan. Subdivision 2 of section 2 of article 1 of the statute under discussion defines a general city election as an election at which the final selection is made of a city officer. In view of such definition of a general city election, it is evident to this court that neither the words of section 6 of article 12 of the State Constitution nor the policy as described in *Mills* v. *Sweeney* (*supra*), support a valid attack on the constitutionality of the Optional City Government Law.

(2) The second ground of objection raised by the respondents

herein is that the City Home Rule Law (Laws of 1924, chap. 363) supersedes the Optional City Government Law.

In section 20 of article 2 thereof the City Home Rule Law does provide two methods by which the electors of a city may enact a new charter, while the provisions of the Optional City Government Law do not provide any method by which a city may enact a new charter, but simply provide methods by which such city may adopt a form of charter already enacted by the Legislature. Such City Home Rule Law does not expressly provide that it supersedes the Optional City Government Law, and section 33 of the City Home Rule Law provides that such law does not by implication repeal any existing law. This court is of the opinion that the City Home Rule Law does not supersede the Optional City Government Law, and that such Optional City Government Law is still in full force and effect, in so far as second and third class cities are concerned. (*Matter of Klein* v. *Dalton*, 245 N. Y. 537; *Matter of McLean* v. *Bcyd*, 140 Misc. 218.)

(3) The respondents herein further oppose the granting of the relief asked herein on the ground that when the petition, on which is based this proceeding, was presented to the council, there was before such council another petition asking for similar action by the council. It is true that a paper in the form of such a petition was filed with the council of the city of Niagara Falls on the 28th day of March, 1932, and was before that body when the petition on which this application is based was presented to said council, but, due to defects in the signatures thereon, such petition was, on the 3d day of June, 1932, declared null and void by the Supreme Court at Special Term, Erie county. Being null and void, such paper presented March 28, 1932, existed in form only and not at any time as a valid petition. Even though the paper presented March 28, 1932, were valid, the Optional City Government Law does not forbid the filing or existence at the same time of two similar petitions, and only forbids two petitions for dissimilar plans being considered at one election. (Optional City Government Law, art. 2, § 22.)

As this court is of the opinion that the objections raised by the respondents in above stated discussion are not of any legal value, and that the action sought by the petitioner is ministerial and that there is no question of fact involved, the petitioner may have an order granting the relief for which he prays.